# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAN HERNANDEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>M. WASHBURN, et al.,<br><br>　　　　Defendants. | Case No. 1: 22-cv-00092-JLT-SAB<br><br>SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT<br><br>(ECF No. 1)<br><br>THIRTY DAY DEADLINE |

Adan Hernandez ("Plaintiff"), proceeding pro se and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the Court is Plaintiff's complaint, filed on January 21, 2022. (ECF No. 1.)

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that

1

"seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

In reviewing a *pro se* complaint, the Court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007); see also Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (quoting Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010)) ("where the petitioner is *pro se*, particularly in civil rights cases, [courts should] construe the pleadings liberally and . . . afford the petitioner the benefit of any doubt."); United States v. Qazi, 975 F.3d 989, 992–93 (9th Cir. 2020) ("It is an entrenched principle that *pro se* filings however inartfully pleaded are held to less stringent standards than formal pleadings drafted by lawyers.") (citations and internal quotations omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678–79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff filed this complaint while incarcerated, however the allegations described appear to have occurred while Plaintiff was being arrested. Plaintiff is not challenging his conditions of confinement, except as in relation to the injuries suffered while being arrested and treated at a

hospital immediately following arrest. The Court accepts Plaintiff's allegations in the complaint as true *only* for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

Plaintiff names the following members of the Kings County Sheriff's Office as Defendants: (1) M. Washburn; (2) C. Barsteceanu; and (3) D. Dodd. (Compl. 1-2,[1] ECF No. 1.)

Plaintiff's first claim is for excessive force brought pursuant to the Eighth Amendment. Plaintiff's factual support for the claim is as follows: "I was detained by a KCSO Officer who then had me controlled and subdued in handcuffs. While I was held down on the ground the Officer M. Washburn KCSO K9 unit deployed his K9 while there was no need to." (Compl. 3.)

Plaintiff's second claim is for "Failure to Protect," and Plaintiff states: "The supporting facts are held on the Bod Cams of the KCSO Officers on duty the day of my arrest. The Officers failed to intervene and detain me peaceably." (Compl. 4.)

Plaintiff's third claim is for "Healthcare," checking the box for "Medical care," and Plaintiff states: "The arresting agency KCSO transported me by ambulance to the Visalia Kaweah Delta Hospital who failed to stitch and dress the K9 bite to my left thigh in which I have suffered for three weeks after my arrested my leg was bleeding." (Compl. 5.)

**III.**

**DISCUSSION**

**A.     Federal Rule of Civil Procedure 8**

Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (citation and internal quotation marks omitted). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). This is because, while factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556-57; Moss v. U.S. Secret Serv.,

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

572 F.3d 962, 969 (9th Cir. 2009). Therefore, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citations and internal quotation marks omitted).

As currently pled, Plaintiff's complaint does not contain enough factual details to permit the Court to draw the reasonable inference that any of the Defendants are liable for the misconduct alleged. Iqbal, 556 U.S. at 678. Plaintiff's allegations are vague and conclusory statements that excessive force was used. No details such as the date of the incident, where the incident occurred, the crime Plaintiff was being arrested for, or other basic facts are provided. These conclusory statements, insufficiently supported by factual details, do not suffice to state any claim. For these reasons, Plaintiff's complaint fails to comply with Rule 8's pleading standard.

If Plaintiff chooses to file an amended complaint, he should consider the legal standards the Court provides in the following sections.

**B.     Section 1983, Supervisory Liability, and Municipal Liability**

Section 1983 provides a cause of action for the violation of a plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). To state a claim under section 1983, a plaintiff is required to show that (1) each defendant acted under color of state law and (2) each defendant deprived her of rights secured by the Constitution or federal law. Long, 442 F.3d at 1185 (9th Cir. 2006). There is no *respondeat superior* liability under section 1983, and therefore, each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 677. To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones, 297 F.3d at 934.

In other words, to state a claim for relief under § 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of his federal

4

rights. The only named Defendant that Plaintiff mentions in the factual allegations is M. Washburn.

### 1. Health Care Claim

Plaintiff states that the arresting agency and sheriffs transported Plaintiff by ambulance to a hospital for treatment. Plaintiff then states that the hospital failed to stitch and dress his wound. (Compl. 5.) Plaintiff has not described any actions in relation to this claim that link any named Defendant to an act or omission related to the lack of medical treatment. Plaintiff has failed to state any cognizable claim related to his treatment following arrest.

### C. Excessive Force

"A claim that law-enforcement officers used excessive force to effect a seizure is governed by the Fourth Amendment's 'reasonableness' standard." Plumhoff v. Rickard, 572 U.S. 765, 774 (2014); Graham v. Connor, 490 U.S. 386, 395 (1989) (holding "that *all* claims that law enforcement officers have used excessive force — deadly or not — in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach.") (emphasis in original); see also Price v. Sery, 513 F.3d 962, 967 (9th Cir. 2008).

Because reasonableness "is not capable of precise definition or mechanical application," the inquiry requires "attention to the facts and circumstances of each particular case." Graham, 490 U.S. at 396. Reasonableness "must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." Id. "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers," violates the Fourth Amendment. Graham, 490 U.S. at 396 (citing Johnson *v.* Glick, 481 F. 2d 1028, 1033 (2nd Cir. 1973)). Rather, "[t]he calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments — in circumstances that are tense, uncertain, and rapidly evolving — about the amount of force that is necessary in a particular situation." Graham, 490 U.S. at 396–97; see also Ames v. King County, 846 F.3d 340, 348 (9th Cir. 2017). Determination of reasonableness therefore requires consideration of the totality of the circumstances. Mattos v. Agarano, 661 F.3d 433 (9th Cir. 2011).

The Ninth Circuit has articulated a three-step analysis to evaluate excessive force claims under the framework set forth by the Supreme Court in Graham v. Connor. See Thompson v. Rahr, 885 F.3d 582, 586 (9th Cir. 2018) (citing Espinosa v. City & Cty. of S.F., 598 F.3d 528, 537 (9th Cir. 2010)). First, the Court must assess "the severity of the intrusion" "by considering 'the type and amount of force inflicted.'" Id. Second, the Court must evaluate the government's interest "by assessing (1) the severity of the crime; (2) whether the suspect posed an immediate threat to the officers' or public's safety; and (3) whether the suspect was resisting arrest or attempting to escape." Espinosa, 598 F.3d at 537 (quoting Graham, 490 U.S. at 396). Third, the Court must balance "the gravity of the intrusion on the individual against the government's need for that intrusion . . . to determine whether the force used was 'greater than is reasonable under the circumstances.'" Id. (citing Santos v. Gates, 287 F.3d 846, 854 (9th Cir. 2002)).

Plaintiff's complaint is not expressly brought under the Fourth Amendment. Even if Plaintiff had brought a Fourth Amendment claim for excessive force, there are insufficient factual details to state a claim under these applicable legal standards.

**D.     Plaintiff's Eighth Amendment Claim and Failure to Protect**

The Eighth Amendment proscribes a freedom from cruel and unusual punishment. U.S. Const. amend. VIII. The prohibition of cruel and unusual punishment applies only after conviction and sentencing. Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001). Thus, a claim of excessive force in the context of an arrest, as here, implicates the Fourth Amendment right to be free from "unreasonable . . . seizures," not the Eighth Amendment. U.S. Const. amend. IV; see Graham, 490 U.S. at 394; see also Gibson v. County of Washoe, 290 F.3d 1175, 1187 (9th Cir. 2002) ("[b]ecause [the plaintiff] had not been convicted of a crime, but had only been arrested, his rights derive from the due process clause rather than the Eighth Amendment's protection against cruel and unusual punishment."), overruled on other grounds by Castro v. Cnty. of Los Angeles, 833 F.3d 1060 (9th Cir. 2016).

Prison officials have a duty under the Eighth Amendment to protect prisoners from violence at the hands of other prisoners because being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society. Farmer, 511 U.S.

at 833-34 (quotation marks omitted); Clem v. Lomeli, 566 F.3d 1177, 1181 (9th Cir. 2009); Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). However, prison officials are liable under the Eighth Amendment only if they demonstrate deliberate indifference to conditions posing a substantial risk of serious harm to an inmate; and it is well settled that deliberate indifference occurs when an official acted or failed to act despite his knowledge of a substantial risk of serious harm. Farmer, 511 U.S. at 834, 841 (quotations omitted); Clem, 566 F.3d at 1181; Hearns, 413 F.3d at 1040.

Plaintiff asserts an excessive force claim solely under the Eighth Amendment. Based on the aforementioned authorities, Plaintiff fails to state a claim for excessive force under the Eighth Amendment. Plaintiff also has failed to state a claim for a failure to protect.

## IV.

## CONCLUSION AND ORDER

For the foregoing reasons, Plaintiff fails to state a cognizable claim and shall be granted leave to file an amended complaint to cure the deficiencies identified in this order faith. Lopez, 203 F.3d at 1127. Plaintiff's first amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must also state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678–79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 927. Absent court approval, Plaintiff's first amended complaint must be "complete in itself without reference to the prior or superseded pleading." E.D. Cal. L.R. 220.

/ / /

/ / /

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The Clerk of the Court shall send Plaintiff a civil rights complaint form;

2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a first amended complaint curing the deficiencies identified by the Court in this order;

3. The first amended complaint, including attachments, shall not exceed twenty-five (25) pages in length; and

4. <u>If Plaintiff fails to file a first amended complaint in compliance with this order, the Court will recommend to the district judge that this action be dismissed, with prejudice, for failure to obey a court order, failure to prosecute, and for failure to state a claim</u>.

IT IS SO ORDERED.

Dated:   **February 11, 2022**

UNITED STATES MAGISTRATE JUDGE