# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAN HERNANDEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>M. WASHBURN, et al.,<br><br>    Defendants. | Case No. 1: 22-cv-00092-JLT-SAB<br><br>SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE A SECOND AMENDED COMPLAINT<br><br>(ECF No. 8)<br><br>THIRTY DAY DEADLINE |

Adan Hernandez ("Plaintiff"), proceeding pro se and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983. On February 11, 2022, the Court screened Plaintiff's complaint and granted Plaintiff thirty (30) days to file a first amended complaint. (ECF No. 7.) Currently before the Court is Plaintiff's first amended complaint, filed on February 28, 2022. (ECF No. 1.)

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

1  Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
2  "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that
3  "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. §
4  1915(e)(2)(B).

5  A complaint must contain "a short and plain statement of the claim showing that the
6  pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not
7  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere
8  conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell
9  Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate
10 that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v.
11 Williams, 297 F.3d 930, 934 (9th Cir. 2002).

12 In reviewing a *pro se* complaint, the Court is to liberally construe the pleadings and accept
13 as true all factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94
14 (2007); see also Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (quoting Hebbe v.
15 Pliler, 627 F.3d 338, 342 (9th Cir. 2010)) ("where the petitioner is *pro se*, particularly in civil
16 rights cases, [courts should] construe the pleadings liberally and . . . afford the petitioner the
17 benefit of any doubt."); United States v. Qazi, 975 F.3d 989, 992–93 (9th Cir. 2020) ("It is an
18 entrenched principle that *pro se* filings however inartfully pleaded are held to less stringent
19 standards than formal pleadings drafted by lawyers.") (citations and internal quotations omitted).

20 To survive screening, Plaintiff's claims must be facially plausible, which requires
21 sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable
22 for the misconduct alleged. Iqbal, 556 U.S. at 678–79; Moss v. U.S. Secret Service, 572 F.3d
23 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not
24 sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of
25 satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

26 **II.**
27 **COMPLAINT ALLEGATIONS**
28 Plaintiff filed this complaint while incarcerated, however the allegations described appear

to have occurred while Plaintiff was being arrested. Plaintiff is not challenging his conditions of confinement, except as in relation to the injuries suffered while being arrested and as treated at a hospital immediately following arrest. The Court accepts Plaintiff's allegations in the complaint as true *only* for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

Plaintiff names the following members of the Kings County Sheriff's Office as Defendants: (1) M. Washburn; (2) D. Dodd; and (3) C. Barsteceanu. (Compl. 1-3,[1] ECF No. 8.)

Plaintiff's first claim is brought pursuant to the Eighth Amendment. Plaintiff alleges that on or about June 14, 2021, on Highway 43 near Corcoran, California, Plaintiff was arrested for an assault with a deadly weapon, evading or attempting to evade a peace officer while driving recklessly, and resisting or deterring an officer with the threat of violence. (Compl. 3.) Plaintiff claims that at the conclusion of his crime, he peaceably gave in to the officers' orders, exited his vehicle, and was attacked by the K9 operated by M. Washburn. Plaintiff claims he did not try to run or pose a threat that would justify the occurrence, and afterwards, he was placed in handcuffs and was held on the ground, completely immobilized, and was attached a second time while in the custody of the agency.

Plaintiff's second claim is for "Healthcare," and "Medical care." Plaintiff states:

> M. Washburn, Commander D. Dodd and C. Barsteceanu were present during my arrest and complaint. After my person being attacked I was transported to the Kaweah Delta Hospital in the City of Visalia . . . KSCO agency and its agents failed to properly notify the professional medical care and healthcare physicians of the mauling that is present on my left thigh. The KCSO agency transported me before the hospital knew of the above mentioned wound which resulted in my leg not being professionally stitched, dressed or looked at by a healthcare and medical care physician. I also did not receive [] professional advice and or any medical documents that may have containe resources as to how I could perform self treatment.

(Compl. 4-5.)

/ / /

/ / /

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

3

**III.**

**DISCUSSION**

A.   **Federal Rule of Civil Procedure 8**

Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (citation and internal quotation marks omitted). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). This is because, while factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556-57; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). Therefore, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citations and internal quotation marks omitted).

As currently pled, Plaintiff's complaint does not contain enough factual details to permit the Court to draw the reasonable inference that any of the Defendants are liable for the misconduct alleged. Iqbal, 556 U.S. at 678. Plaintiff's allegations are vague and conclusory statements that excessive force was used. While Plaintiff states that at the "conclusion of [his] crime[s]" of assault with a deadly weapon, evading a police officer while driving recklessly, and resisting an officer with the threat of violence, he then "peaceably" gave up, the actions leading directly to him exiting his vehicle are insufficiently described for the Court to determine what Plaintiff alleges occurred prior to and when he was exiting the vehicle. The only named Defendant that Plaintiff mentions in the factual allegations pertaining to the first claim is M. Washburn, who he generally states was the operator of the K9. Plaintiff then claims he was placed in handcuffs and held on the ground by unspecified officers, and then was "attacked," without referencing any named Defendants or the specific factual details of how the second attack

4

1 occurred.

2 These conclusory statements, insufficiently supported by factual details, do not suffice to
3 state any claim. For these reasons, Plaintiff's complaint fails to comply with Rule 8's pleading
4 standard.

5 If Plaintiff chooses to file an amended complaint, he should consider the legal standards
6 the Court provides in the following sections.

### B. Section 1983 and Supervisory Liability

Section 1983 provides a cause of action for the violation of a plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). To state a claim under section 1983, a plaintiff is required to show that (1) each defendant acted under color of state law and (2) each defendant deprived her of rights secured by the Constitution or federal law. Long, 442 F.3d at 1185 (9th Cir. 2006). There is no *respondeat superior* liability under section 1983, and therefore, each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 677. To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones, 297 F.3d at 934.

In other words, to state a claim for relief under § 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of his federal rights.

#### 1. Claim One: K9 Attack

The only named Defendant that Plaintiff mentions in the factual allegations pertaining to the first claim is M. Washburn, who he generally states was the operator of the K9. Plaintiff then claims he was placed in handcuffs and held on the ground by unspecified officers, and then was "attacked," without referencing any named Defendants or the specific factual details of how the second attack occurred.

#### 2. Claim Two: Health Care Claim

Plaintiff states that the Defendants were present during his arrest and complaint.

However, after generally stating they were present, Plaintiff only describes being transported to the hospital, claiming the sheriff agency and agents failed to properly notify the hospital of the injury to his left thigh. Plaintiff then states that the hospital failed to stitch and dress his wound, and in fact it was not looked at by a healthcare professional. (Compl. 5.) However, Plaintiff does not describe how the Defendant officers prevented Plaintiff from receiving medical treatment when the agency in fact transported Plaintiff to the hospital prior to being placed in jail. Plaintiff has therefore not described any actions in relation to this claim that link any named Defendant to an act or omission related to the lack of medical treatment. Plaintiff has failed to state any cognizable claim related to his treatment following arrest.

### C. The Eighth Amendment

The Eighth Amendment proscribes a freedom from cruel and unusual punishment. U.S. Const. amend. VIII. The prohibition of cruel and unusual punishment applies only after conviction and sentencing. Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001). Thus, a claim of excessive force in the context of an arrest, as here, implicates the Fourth Amendment right to be free from "unreasonable . . . seizures," not the Eighth Amendment. U.S. Const. amend. IV (emphasis added); see Graham, 490 U.S. at 394; see also Gibson v. County of Washoe, 290 F.3d 1175, 1187 (9th Cir. 2002) ("[b]ecause [the plaintiff] had not been convicted of a crime, but had only been arrested, his rights derive from the due process clause rather than the Eighth Amendment's protection against cruel and unusual punishment."), overruled on other grounds by Castro v. Cnty. of Los Angeles, 833 F.3d 1060 (9th Cir. 2016).

Prison officials have a duty under the Eighth Amendment to protect prisoners from violence at the hands of other prisoners because being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society. Farmer, 511 U.S. at 833-34 (quotation marks omitted); Clem v. Lomeli, 566 F.3d 1177, 1181 (9th Cir. 2009); Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). However, prison officials are liable under the Eighth Amendment only if they demonstrate deliberate indifference to conditions posing a substantial risk of serious harm to an inmate; and it is well settled that deliberate indifference occurs when an official acted or failed to act despite his knowledge of a substantial

risk of serious harm.  Farmer, 511 U.S. at 834, 841 (quotations omitted); Clem, 566 F.3d at 1181; Hearns, 413 F.3d at 1040.

Based on the aforementioned authorities, Plaintiff fails to state a claim under the Eighth Amendment for excessive force because the incidents occurred not following his conviction and imprisonment, but rather during and immediately following his arrest.  The Court provides the standards under the Fourth Amendment below.

1. Denial of Medical Care

Plaintiff was a pre-trial detainee at the time of the events that form the basis of his complaint.  Therefore, the proper analysis of Plaintiff's complaint of the denial of medical care is under "the more protective substantive due process standard" of the Fourteenth Amendment, rather than the Eighth Amendment.  Jones v. Blanas, 393 F.3d 918, 931–33 (9th Cir.2004); see also Bell v. Wolfish, 441 U.S. 520, 535 n. 16, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979); Gibson v. County of Washoe, 290 F.3d 1175, 1187 (9th Cir.2002) ( "Because [the plaintiff] had not been convicted of a crime, but had only been arrested, his rights derive from the due process clause rather than the Eighth Amendment's protection against cruel and unusual punishment"). However, with issues related to health and safety, "the due process clause imposes, at a minimum, the same duty the Eighth Amendment imposes."  Gibson, 290 F.3d at 1187.  Therefore, the requisite standard of care is determined by applying the standards set forth by the Eighth Amendment.

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs.  Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).  To state a claim a plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent."  Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096).

1  "Deliberate indifference is a high legal standard," Simmons v. Navajo County Ariz., 609 F.3d
2  1011, 1019 (9th Cir. 2010); Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown
3  by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b)
4  harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The
5  requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of
6  due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at
7  1122.

Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06). "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble, 429 U.S. 97, 106 (1976)); Snow, 681 F.3d at 987-88; Wilhelm, 680 F.3d at 1122 ("The deliberate indifference doctrine is limited in scope.").

"A difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference." Snow, 681 F.3d at 987 (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989)); Wilhelm, 680 F.3d at 1122-23 (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)). Rather, a plaintiff is required to show that the course of treatment selected was "medically unacceptable under the circumstances" and that the defendant "chose this course in conscious disregard of an excessive risk to plaintiff's health." Snow, 681 F.3d at 988 (quoting Jackson, 90 F.3d at 332).

Based on the aforementioned authorities, Plaintiff fails to state a claim under the Eighth Amendment because the incidents occurred not following his conviction and imprisonment, but rather during and immediately following his arrest. Further, applying the due process standard of the Fourteenth Amendment, Plaintiff has not alleged any facts to support a conclusion that any named Defendant knew he faced a risk of further harm or injury due to a lack of medical care and failed to act, as no specific actions are attributed to the named Defendants as to this claim, other than generally stating they were present during the arrest and his complaint. Signifciantly, Plaintiff appears to concede these officers did in fact have him transported to the hospital, and it

is unclear how the agency failed to notify the hospital in a manner that would result in Plaintiff failing to receive treatment, when he was in fact transported to the hospital. Therefore, Plaintiff fails to state a cognizable claim of inadequate medical care.

### D. Fourth Amendment

"A claim that law-enforcement officers used excessive force to effect a seizure is governed by the Fourth Amendment's 'reasonableness' standard." Plumhoff v. Rickard, 572 U.S. 765, 774 (2014); Graham v. Connor, 490 U.S. 386, 395 (1989) (holding "that *all* claims that law enforcement officers have used excessive force — deadly or not — in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach.") (emphasis in original); see also Price v. Sery, 513 F.3d 962, 967 (9th Cir. 2008).

Because reasonableness "is not capable of precise definition or mechanical application," the inquiry requires "attention to the facts and circumstances of each particular case." Graham, 490 U.S. at 396. Reasonableness "must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." Id. "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers," violates the Fourth Amendment. Graham, 490 U.S. at 396 (citing Johnson *v.* Glick, 481 F. 2d 1028, 1033 (2nd Cir. 1973)). Rather, "[t]he calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments — in circumstances that are tense, uncertain, and rapidly evolving — about the amount of force that is necessary in a particular situation." Graham, 490 U.S. at 396–97; see also Ames v. King County, 846 F.3d 340, 348 (9th Cir. 2017). Determination of reasonableness therefore requires consideration of the totality of the circumstances. Mattos v. Agarano, 661 F.3d 433 (9th Cir. 2011).

The Ninth Circuit has articulated a three-step analysis to evaluate excessive force claims under the framework set forth by the Supreme Court in Graham v. Connor. See Thompson v. Rahr, 885 F.3d 582, 586 (9th Cir. 2018) (citing Espinosa v. City & Cty. of S.F., 598 F.3d 528, 537 (9th Cir. 2010)). First, the Court must assess "the severity of the intrusion" "by considering 'the type and amount of force inflicted.'" Id. Second, the Court must evaluate the government's

interest "by assessing (1) the severity of the crime; (2) whether the suspect posed an immediate threat to the officers' or public's safety; and (3) whether the suspect was resisting arrest or attempting to escape." Espinosa, 598 F.3d at 537 (quoting Graham, 490 U.S. at 396). Third, the Court must balance "the gravity of the intrusion on the individual against the government's need for that intrusion . . . to determine whether the force used was 'greater than is reasonable under the circumstances.'" Id. (citing Santos v. Gates, 287 F.3d 846, 854 (9th Cir. 2002)).

Plaintiff's complaint is not expressly brought under the Fourth Amendment, but rather was brought under the Eighth Amendment. Even if Plaintiff had brought a Fourth Amendment claim for excessive force, for the reasons described above, there are insufficient factual details to state a claim under these applicable legal standards.

## IV.

## CONCLUSION AND ORDER

For the foregoing reasons, Plaintiff fails to state a cognizable claim and shall be granted leave to file an amended complaint to cure the deficiencies identified in this order faith. Lopez, 203 F.3d at 1127. Plaintiff's second amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must also state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678–79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 927. Absent court approval, Plaintiff's second amended complaint must be "complete in itself without reference to the prior or superseded pleading." E.D. Cal. L.R. 220.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The Clerk of the Court shall send Plaintiff a civil rights complaint form;

2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a second amended complaint curing the deficiencies identified by the Court in this order;

3. The second amended complaint, including attachments, shall not exceed twenty-five (25) pages in length; and

4. If Plaintiff fails to file a second amended complaint in compliance with this order, the Court will recommend to a District Judge that this action be dismissed consistent with the reasons stated in this order.

IT IS SO ORDERED.

Dated:   **March 22, 2022**

UNITED STATES MAGISTRATE JUDGE