# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAN HERNANDEZ,<br><br>    Plaintiff,<br><br>v.<br><br>M. WASHBURN, et al.,<br><br>    Defendants. | Case No. 1:22-cv-00092-JLT-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM AND DISMISSING ACTION FOR FAILURE TO COMPLY WITH COURT ORDERS AND FAILURE TO PROSECUTE<br><br>(ECF Nos. 14, 15, 18)<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

**I.**

**INTRODUCTION & BACKGROUND**

Adan Hernandez ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed this action on January 21, 2022, pursuant to 42 U.S.C. § 1983. The matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On February 11, 2022, the Court screened Plaintiff's initially filed complaint, found Plaintiff failed to state a claim, and granted Plaintiff leave to file an amended complaint within thirty days. (ECF Nos. 1, 7.) On February 28, 2022, Plaintiff filed a first amended complaint. (ECF No. 8.) On March 23, 2022, the Court screened the first amended complaint, and granted leave to file an amended complaint within thirty days. (ECF No. 9.) On April 11, 2022, the

1

1  Court granted Plaintiff an extension of time to file an amended complaint. (ECF No. 11.) On
2  May 26, 2022, Plaintiff filed a second amended complaint. (ECF No. 14.) On May 31, 2022,
3  the Court issued a screening order finding that Plaintiff had failed to state any cognizable claims
4  in his complaint, and granted Plaintiff thirty (30) days in which to file a first amended complaint.
5  (ECF No. 15.) More than thirty (30) days passed, and on July 7, 2022, the Court issued findings
6  and recommendations recommending this action be dismissed for failure to state a claim and
7  failure to prosecute. (ECF No. 16.)

8      On July 28, 2022, Plaintiff filed objections to the findings and recommendations. (ECF
9  No. 17.) In the objections, Plaintiff declared that he never personally received the May 31, 2022
10 screening order. (ECF No. 17 at 2.) Plaintiff requested sixty (60) days to file the third amended
11 complaint, due to prison mailroom issues in receiving documents. (Id. at 3.) On August 4, 2022,
12 the Court vacated the July 28, 2022 findings and recommendations, and granted Plaintiff's
13 motion for a sixty (60) day extension of time to file a third amended complaint. (ECF No. 18.)
14 The Court also directed that a copy of the Court's May 31, 2022 screening order be served on
15 Plaintiff. (Id.)

16     Allowing sixty (60) plus three (3) days for mailing means Plaintiff's complaint was due
17 October 6, 2022. Thus, more than sixty (60) days have expired and Plaintiff has again not filed a
18 third amended complaint in response to the Court's screening order nor the order extending time.
19 Accordingly, the Court issues these findings and recommendations recommending that
20 Plaintiff's second amended complaint be dismissed for failure to state a cognizable claim, and
21 for failure to prosecute and comply with the Court's orders.

## II.

### SCREENING REQUIREMENT

24     Notwithstanding any filing fee, the court shall dismiss a case if at any time the Court
25 determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which
26 relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from
27 such relief." 28 U.S.C. § 1915(e)(2); see Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000)
28 (section 1915(e) applies to all *in forma pauperis* complaints, not just those filed by prisoners);

Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001) (dismissal required of *in forma pauperis* proceedings which seek monetary relief from immune defendants); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss *in forma pauperis* complaint under 28 U.S.C. § 1915(e)); Barren v. Harrington, 152 F.3d 1193 (9th Cir. 1998) (affirming *sua sponte* dismissal for failure to state a claim). The Court exercised its discretion to screen the plaintiff's complaint in this action to determine if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

In reviewing the *pro se* complaint, the Court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678. "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.' " Id. (quoting Twombly, 550 U.S. at 557). Therefore, the complaint must contain sufficient factual content for the court to draw the reasonable conclusion that the defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678.

## III.

## COMPLAINT ALLEGATIONS

Plaintiff filed this complaint while incarcerated, however the allegations described occurred while Plaintiff was being arrested. Plaintiff is not challenging his conditions of

3

confinement, except as in relation to the injuries suffered while being arrested and as treated at a hospital immediately following arrest. The Court accepts Plaintiff's allegations in the complaint as true *only* for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

Plaintiff names the following Defendants in the second amended complaint: (1) Matt Washburn ("Washburn"), identified as a Deputy Sheriff for Kings County; and (2) Chris Barsteceanu ("Barsteceanu")[1], identified as a sergeant of SWAT for the Kings County Sheriff. (Sec. Am. Compl. ("SAC"), 1-2,[2] ECF No. 14.)

Plaintiff alleges that on June 14, 2021, he was involved in a high speed chase with the Kings County Sheriff's Department. (FAC ¶ 2.) The chase ended with Plaintiff's vehicle coming to rest perched on the side of the road in a ditch on Highway 43. (FAC ¶ 3.) Plaintiff then stayed in the vehicle for approximately two hours until chemical tear gas grenades were shot into Plaintiff's vehicle. (FAC ¶ 4.) Plaintiff exited the vehicle through the driver's side window, feet first due to the angle of the vehicle in the ditch. (FAC ¶ 5.) Plaintiff stood upright with "hand up and fully open." (Id.)[3] Plaintiff was attacked by a police dog that bit Plaintiff on the left arm below the elbow, causing unbearable pain and massive bleeding. (Id.) Immediately thereafter, Plaintiff was shot with a bean bag in the left hip, while Plaintiff was in pain from the dog bite. (FAC ¶ 6.) Plaintiff was then tackled to the ground by "numerous" deputies, at which point the dog moved to Plaintiff's left thigh biting Plaintiff and causing pain that Plaintiff had never experienced. (Id.) Plaintiff states the bite was now occurring while he was handcuffed and face down on the ground, and then Plaintiff was "kicked in the left side of his head." (Id.) The dog was then called and told to release its teeth from Plaintiff's leg. (FAC ¶ 7.) Plaintiff was then stood up and "immediately transported" to the local hospital, due to massive bleeding. (Id.)

---

[1] Plaintiff spells the last name differently at certain points in the complaint, however, it appears the correct spelling is "Barsteceanu."

[2] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

[3] It is unclear if Plaintiff meant to write the plural "hands" here, or if he only exhibited one hand while exiting the vehicle.

Based on a police report, a supplemental narrative, and a media narrative, which Plaintiff states he was only issued various pages of, Plaintiff was able to ascertain that the name of the dog handler was Defendant Washburn. (FAC ¶ 9.) Plaintiff also ascertained that the person in command at the time of the incident was Defendant Barsteceanu, a SWAT team leader sergeant with the Sheriff's Department. (FAC ¶ 10.)

Plaintiff's first cause of action is brought against Defendant Washburn pursuant to the Eighth Amendment to the United States Constitution. (FAC ¶¶ 11-19.) Based on the above incorporated facts, Plaintiff claims Defendant Washburn violated Plaintiff's right to be free from cruel and unusual punishment by Washburn's actions of intimidation, abuse, harassment, and other violations by excess force of the use of the K-9 under his direct control; that Washburn knew or should have known that the conduct created an unreasonable risk of serious harm or death by the unnecessary attack command to the Plaintiff; the actions demonstrate deliberate indifference to Plaintiff's Eighth Amendment rights; and were willful, intentional, malicious, wanton, and despicable, in conscious disregard of Plaintiff's rights.

Plaintiff's second cause of action against Defendant Barsteceanu, is also brought pursuant to the Eighth Amendment. (FAC ¶¶ 20-29.) Based on the facts described above (FAC ¶¶ 1-10), Plaintiff claims that Defendant Barsteceanu violated Plaintiff's right to be free from cruel and unusual punishment under the Eighth Amendment by his failure to adequately supervise Washburn and all other subordinate deputies; that he knew or should have known that his conduct, attitudes and actions created an unreasonable risk of serious injury or death to Plaintiff; that the actions constituted deliberate indifference; that as a result, Plaintiff has suffered physical injuries from the dog bites and due to the kick to the left side of his head, causing problems with balance; and the actions were willful, intentional, malicious, wanton, and despicable in disregard of Plaintiff's rights.

## IV.

## DISMISSAL FOR FAILURE TO STATE A CLAIM

The Court recommends that the second amended complaint, filed May 26, 2022, be dismissed for failure to state a claim, and this action be dismissed for failure to prosecute and for

Plaintiff's failure to file an amended complaint as ordered to do so.

### A.     Federal Rule of Civil Procedure 8

Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (citation and internal quotation marks omitted). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). This is because, while factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556-57; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). Therefore, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678  (citations and internal quotation marks omitted).

As currently pled, Plaintiff's complaint does not contain enough factual details to permit the Court to draw the reasonable inference that any of the Defendants are liable for the misconduct alleged. Iqbal, 556 U.S. at 678. Plaintiff does not claim that a particular named Defendant kicked him while on the ground, nor that an unnamed officer kicked him, and thus the allegation is impermissibly vague and fails to give proper notice of the factual allegations against the named Defendants.

Plaintiff generally alleges that the K-9 bit him twice during the encounter, and was called off and told to release right before he was stood up in handcuffs. However, aside from standard legal allegations regarding a violation of the Eighth Amendment against Washburn (FAC ¶¶ 11-19), and averring he obtained knowledge that Washburn was the K-9 handler, Plaintiff does not specifically allege that Washburn took any actions or made any directions regarding the K-9, aside from an indication that the K-9 was told to release the bite, by someone. (FAC ¶¶ 7.)

Aside from naming Defendant Barsteceanu as the supervisor and making generalized

6

1  standard legal allegations concerning a failure to supervise and for deliberate indifference, Plaintiff does not state any facts pertaining to any actual actions taken by Defendant Barsteceanu, and insufficient allegations for supervisory liability as explained in the following section.

These conclusory statements, insufficiently supported by factual details as to the named Defendants' specific actions, do not suffice to state any claim. For these reasons, Plaintiff's complaint fails to comply with Rule 8's pleading standard.

### B. Section 1983 and Supervisory Liability

Section 1983 provides a cause of action for the violation of a plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). To state a claim under section 1983, a plaintiff is required to show that (1) each defendant acted under color of state law and (2) each defendant deprived her of rights secured by the Constitution or federal law. Long, 442 F.3d at 1185 (9th Cir. 2006). There is no *respondeat superior* liability under section 1983, and therefore, each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 677. To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones, 297 F.3d at 934.

In other words, to state a claim for relief under § 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of his federal rights. Thus, to the extent Plaintiff is attempting to make a claim against an officer that was not personally involved in the excessive force, but was only acting as a supervisor over an officer, Plaintiff cannot state a claim unless they were personally and directly involved in the violation of his rights. "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is 'a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.' " Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013) (citation and internal quotation marks omitted). "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if

7

supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." Id.; see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) ("A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them."); accord Starr v. Baca, 652 F.3d 1202, 1205–06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009).

Plaintiff does not specify whether he is suing Defendant Barsteceanu in their official or individual capacities. To the extent Plaintiff is attempting to impose a claim for supervisory liability for a failure to train against Barsteceanu in an individual capacity, Plaintiff has not alleged any factual details showing they personally participated in the claimed excessive force. Plaintiff only alleges a failure to properly supervise. Plaintiff has not alleged any specific facts demonstrating Barsteceanu's "own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others." Starr v. Baca, 652 F.3d 1202, 1207–08 (9th Cir. 2011) (quoting Watkins v. City of Oakland, 145 F.3d 1087, 1093 (9th Cir. 1998).

A suit brought against government officials in their official capacity is generally equivalent to a suit against the government itself. See, .e.g., McRorie v. Shimoda, 795 F.2d 780, 783 (9th Cir. 1986). To the extent Plaintiff is attempting to impose a claim for supervisory liability for a failure to train against Barsteceanu in an official capacity, such claim would also fail as currently presented in the second amended complaint.

"A local governmental entity is liable under § 1983 when action pursuant to official municipal policy of some nature cause[s] a constitutional tort." Oviatt By & Through Waugh v. Pearce, 954 F.2d 1470, 1473–74 (9th Cir.1992) (quoting Monell v. Dep't of Social Servs., 436 U.S. 658, 691 (1978)) (internal quotations omitted) (alteration in original). In order to state a Monell claim against a government official in his official capacity, a plaintiff must establish "that the official (1) had final policymaking authority concerning the action alleged to have caused the particular constitutional or statutory violation at issue [;] and (2) was the policymaker

for the local governing body for the purposes of the particular act." Cortez v. County of Los Angeles, 294 F.3d 1186, 1189 (9th Cir. 2002) (internal quotations and citations omitted).

"A municipality's failure to train an employee who has caused a constitutional violation can be the basis for § 1983 liability where the failure to train amounts to deliberate indifference to the rights of persons with whom the employee comes into contact." Long v. Cty. of Los Angeles, 442 F.3d 1178, 1186 (9th Cir. 2006) (citing City of Canton, Ohio v. Harris, 489 U.S. 378, 388 (1989)). "The issue is whether the training program is adequate and, if it is not, whether such inadequate training can justifiably be said to represent municipal policy." Id. "A plaintiff alleging a failure to train claim must show: (1) he was deprived of a constitutional right, (2) the municipality had a training policy that amounts to deliberate indifference to the [constitutional] rights of the persons' with whom [its police officers] are likely to come into contact; and (3) his constitutional injury would have been avoided had the municipality properly trained those officers." Young v. City of Visalia, 687 F. Supp. 2d 1141, 1148 (E.D. Cal. 2009) (citations and quotation marks omitted) (alteration in original). A plaintiff also might succeed in proving a failure-to-train claim without showing a pattern of constitutional violations where "a violation of federal rights may be a highly predictable consequence of a failure to equip law enforcement officers with specific tools to handle recurring situations." Long, 442 F.3d at 1186 (quoting Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown, 520 U.S. 397, 398, 117 S. Ct. 1382, 1385, 137 L. Ed. 2d 626 (1997)). "A pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train." Connick v. Thompson, 563 U.S. 51, 62 (2011) (citation omitted).

Plaintiff's vague, generalized claims regarding a failure to supervise fail to state a claim for supervisory liability under Section 1983.

### C. The Eighth Amendment

The Eighth Amendment proscribes a freedom from cruel and unusual punishment. U.S. Const. amend. VIII. "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is … whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously

1  and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6-7 (1992) (citing Whitley v.
2  Albers, 475 U.S. 312, 320-21 (1986)).  In making this determination, the court may evaluate (1)
3  the extent of any injury suffered by Plaintiff; (2) the need for application of force; (3) the
4  relationship between that need and the amount of force used; (4) the threat reasonably perceived
5  by the responsible prison officials; and (5) any efforts made to temper the severity of a forceful
6  response.  Hudson, 503 U.S. at 7 (citing Whitley, 475 U.S. at 321).  "Because the excessive force
7  inquiry nearly always requires a jury to sift through disputed factual contentions, and to draw
8  inferences therefrom, [the Ninth Circuit has] held on many occasions that summary judgment or
9  judgment as a matter of law in excessive force causes should be granted sparingly." Avina v.
10 United States, 681 F.3d 1127, 1130 (9th Cir. 2012) (citation omitted).

11 However, the prohibition of cruel and unusual punishment applies only after conviction
12 and sentencing.  Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001).  Thus, a claim of
13 excessive force in the context of an arrest, as here, implicates the Fourth Amendment right to be
14 free from "unreasonable . . . seizures," not the Eighth Amendment.  U.S. Const. amend. IV
15 (emphasis added); see Graham, 490 U.S. at 394; see also Gibson v. County of Washoe, 290 F.3d
16 1175, 1187 (9th Cir. 2002) ("[b]ecause [the plaintiff] had not been convicted of a crime, but had
17 only been arrested, his rights derive from the due process clause rather than the Eighth
18 Amendment's protection against cruel and unusual punishment."), overruled on other grounds by
19 Castro v. Cnty. of Los Angeles, 833 F.3d 1060 (9th Cir. 2016).

20 Based on the aforementioned authorities, Plaintiff fails to state a claim under the Eighth
21 Amendment for excessive force because the incident occurred not following his conviction and
22 imprisonment, but rather during his arrest.  The Court shall now provide the standards under the
23 Fourth Amendment for an excessive force claim related to arrest.

24     **D.**    **Fourth Amendment**

25 "A claim that law-enforcement officers used excessive force to effect a seizure is
26 governed by the Fourth Amendment's 'reasonableness' standard."  Plumhoff v. Rickard, 572
27 U.S. 765, 774 (2014); Graham v. Connor, 490 U.S. 386, 395 (1989) (holding "that *all* claims that
28 law enforcement officers have used excessive force — deadly or not — in the course of an arrest,

investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach.") (emphasis in original); see also Price v. Sery, 513 F.3d 962, 967 (9th Cir. 2008).

Because reasonableness "is not capable of precise definition or mechanical application," the inquiry requires "attention to the facts and circumstances of each particular case." Graham, 490 U.S. at 396. Reasonableness "must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." Id. "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers," violates the Fourth Amendment. Graham, 490 U.S. at 396 (citing Johnson v. Glick, 481 F. 2d 1028, 1033 (2nd Cir. 1973)). Rather, "[t]he calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments — in circumstances that are tense, uncertain, and rapidly evolving — about the amount of force that is necessary in a particular situation." Graham, 490 U.S. at 396–97; see also Ames v. King County, 846 F.3d 340, 348 (9th Cir. 2017). Determination of reasonableness therefore requires consideration of the totality of the circumstances. Mattos v. Agarano, 661 F.3d 433 (9th Cir. 2011).

The Ninth Circuit has articulated a three-step analysis to evaluate excessive force claims under the framework set forth by the Supreme Court in Graham v. Connor. See Thompson v. Rahr, 885 F.3d 582, 586 (9th Cir. 2018) (citing Espinosa v. City & Cty. of S.F., 598 F.3d 528, 537 (9th Cir. 2010)). First, the Court must assess "the severity of the intrusion" "by considering 'the type and amount of force inflicted.'" Id. Second, the Court must evaluate the government's interest "by assessing (1) the severity of the crime; (2) whether the suspect posed an immediate threat to the officers' or public's safety; and (3) whether the suspect was resisting arrest or attempting to escape." Espinosa, 598 F.3d at 537 (quoting Graham, 490 U.S. at 396). Third, the Court must balance "the gravity of the intrusion on the individual against the government's need for that intrusion . . . to determine whether the force used was 'greater than is reasonable under the circumstances.'" Id. (citing Santos v. Gates, 287 F.3d 846, 854 (9th Cir. 2002)).

Plaintiff's complaint is not expressly brought under the Fourth Amendment, but rather was brought under the Eighth Amendment. Even if Plaintiff presented sufficient factual

11

information for a Fourth Amendment claim, dismissal with leave to amend would be proper given the incorrect use of the Eighth Amendment. See Denson v. Clark Cnty., No. 2:10-CV-00525-RCJ, 2010 WL 3076260, at *2 (D. Nev. Aug. 4, 2010) ("Plaintiff's other allegations do state claims upon which relief can be granted, but they require some amendment because plaintiff has used incorrect constitutional provisions. In count 1, plaintiff alleges that defendant Ducas's actions violated the Eighth Amendment. Plaintiff was not a prison inmate under a judgment of conviction at the time, and thus the Eighth Amendment is inapplicable. The Fourth Amendment is the correct constitutional provision regarding the force used to seize plaintiff."). Although the Court previously notified Plaintiff of this deficiency, and again granted leave to amend, Plaintiff failed to file a third amended complaint.

Finally, even if Plaintiff had brought a Fourth Amendment claim for excessive force, for the reasons described above, there are insufficient factual details to state a claim under these applicable legal standards, and taking the facts that are proffered as true, are insufficient to state a claim for a violation of the Fourth Amendment. More specifically, there are insufficient facts alleged that would allow the Court, or the answering Defendants, to address the three-step analysis employed in the Ninth Circuit. If Plaintiff chooses to file an amended complaint, he should consider these standards and provide the Court with sufficient factual details pertaining to the named Defendants.

## V.

### DISMISSAL FOR FAILURE TO COMPLY AND FAILURE TO PROSECUTE

Plaintiff has failed to comply with the May 31, 2022 order granting him leave to file an amended complaint; and failed to comply with the Court's August 4, 2022 order that granted Plaintiff an additional sixty (60) days to file an amended complaint. (ECF Nos. 15, 18.) A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to

1 comply with local rule requiring pro se plaintiffs to keep court apprised of address); <u>Malone v.
2 United States Postal Serv.</u>, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply
3 with court order); <u>Henderson v. Duncan</u>, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack
4 of prosecution and failure to comply with local rules).

5       "In determining whether to dismiss an action for lack of prosecution, the district court is
6 required to consider several factors: '(1) the public's interest in expeditious resolution of
7 litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants;
8 (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less
9 drastic sanctions.' " <u>Carey</u>, 856 F.2d at 1440 (quoting <u>Henderson v. Duncan</u>, 779 F.2d 1421,
10 1423 (9th Cir. 1986)). These factors guide a court in deciding what to do, and are not conditions
11 that must be met in order for a court to take action. <u>In re Phenylpropanolamine (PPA) Products
12 Liability Litigation</u>, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

13       In this instance, the public's interest in expeditious resolution of the litigation and the
14 Court's need to manage its docket weigh in favor of dismissal. <u>In re Phenylpropanolamine
15 (PPA) Products Liability Litigation</u>, 460 F.3d at 1226. Plaintiff was ordered to file an amended
16 complaint within thirty (30) days of May 31, 2022. On August 4, 2022, Plaintiff was granted
17 sixty (60) days to file an amended complaint. Plaintiff has neither filed an amended complaint
18 nor otherwise file anything since the Court issued its August 4, 2022 order granting Plaintiff's
19 request for a sixty (60) extension of time to file an amended complaint.

20       Plaintiff's failure to comply with the orders of the Court hinders the Court's ability to
21 move this action towards disposition, and indicates that Plaintiff does not intend to diligently
22 litigate this action.

23       Since it appears that Plaintiff does not intend to litigate this action diligently there arises a
24 rebuttable presumption of prejudice to the defendants in this action. <u>In re Eisen</u>, 31 F.3d 1447,
25 1452-53 (9th Cir. 1994). This risk of prejudice may be rebutted if Plaintiff offers an excuse for
26 the delay. <u>In re Eisen</u>, 31 F.3d at 1453. Plaintiff has not responded to the August 4, 2022 order
27 so the risk of prejudice to the defendants also weighs in favor of dismissal.

28       The public policy in favor of deciding cases on their merits is outweighed by the factors

in favor of dismissal. It is Plaintiff's responsibility to move this action forward. This action can proceed no further without Plaintiff's cooperation and compliance with the order at issue. There is no operative pleading that states a claim in this matter and the action cannot simply remain idle on the Court's docket, unprosecuted. In this instance, the fourth factor does not outweigh Plaintiff's failure to comply with the Court's orders.

Finally, monetary sanctions are not available to induce compliance because Plaintiff is proceeding *in forma pauperis* in this action. Additionally, a court's warning to a party that their failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 F.2d at 132-33; Henderson, 779 F.2d at 1424. On May 31, 2022, the Court specifically informed Plaintiff that his complaint did not satisfy Federal Rule of Civil Procedure 8's requirement to provide a short and plain statement of the claims made against each defendant; that the complaint was deficient in that it was vague and unclear as to each separate Defendant's actions; that it improperly makes legal conclusions by alleging a claim without connecting specific factual details to the types of alleged claims; and thus that it did not provide sufficient factual content for the Court to find any claim was plausible as presented. Plaintiff was specifically warned that the failure to file an amended complaint in compliance with the order would result in the recommendation that this action be dismissed. (ECF No. 15 at 12.) Additionally, in granting Plaintiff an additional sixty (60) days to submit an amended complaint in compliance with the Court's screening order, the Court's August 4, 2022 order again expressly warned Plaintiff that if he failed to file a third amended complaint in compliance with the order, the Court would recommend this action be dismissed consistent with the reasons stated in the May 31, 2022 screening order. (ECF No. 18 at 3.)

Accordingly, the Court finds that the balance of the factors weighs in favor of dismissing this action for Plaintiff's failure to submit a third amended complaint in compliance with the May 31, 2022 screening order and August 4, 2022 order extending time; and for Plaintiff's failure to prosecute this action despite the Court's express warnings.

///

///

# VI.

## CONCLUSION AND RECOMMENDATIONS

Plaintiff has failed to state a cognizable claim for a violation of his federal rights in this action. Further, considering the factors to be evaluated in determining whether to dismiss this action for the failure to comply and failure to prosecute, the Court finds that the factors weigh in favor of dismissal of this action.

Based on the foregoing, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's second amended complaint filed May 26, 2022 (ECF No. 14), be DISMISSED for failure to state a cognizable claim; and

2. This matter be dismissed for Plaintiff's failure to comply with the Court's May 31, 2022 order (ECF No. 15), the Court's August 4, 2022 order (ECF No. 18), and failure to prosecute.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within **fourteen (14) days** of service of this recommendation, Plaintiff may file written objections to the findings and recommendations with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __October 18, 2022__                         _____
                                                    UNITED STATES MAGISTRATE JUDGE